# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHEN BUSH,

    Petitioner,

v.

WARDEN, BELMONT CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-01107
JUDGE GEORGE C. SMITH
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. 4). Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here. It is therefore **RECOMMENDED** that this action be **DISMISSED.**

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his March 31, 2014[1] conviction pursuant to his guilty plea in the Gallia County Court of Common Pleas on rape. The trial court imposed a term of fifteen years to life. According to the Petition, the Ohio Fourth District Court of Appeals affirmed Petitioner's conviction and sentence, and the Ohio Supreme Court subsequently declined to accept jurisdiction of the appeal. Specifically, the website of the Gallia County Clerk indicates that Petitioner waited until September 1, 2017, to file a Notice of Appeal. On December 11, 2017, the appellate court dismissed the appeal, because it "was not filed until three years after the deadline" and the appellate court therefore lacked jurisdiction to consider the appeal. On May 29, 2018, the Ohio Supreme Court declined review. *State v. Bush*, 152 Ohio St.3d 1465 (Ohio 2018).

On September 19, 2018, Petitioner initially filed this action in the United States District Court in Cincinnati under the provision of 42 U.S.C. § 1983.[2] (Doc. 1). After the case was transferred to this Court, on December 13, 2018, the Court issued an Order directing the Petitioner to resubmit his claims as properly raised on the form for filing an action under 28 U.S.C. § 2254, and advising him that he could withdraw or amend his pleadings to include any additional claims for relief, because the recharacterization of this action under § 2254 may adversely affect his ability to seek future relief. (Doc. 3, PAGEID # 18). On December 31, 2018, Petitioner resubmitted his claims on the form for filing an action under 28 U.S.C. § 2254. (Doc. 4). He asserts the following claims, repeated here verbatim:

1. Ejusclem generis, "Force or threat of force of 20-7.02(A)(1)(b)(2)[."]

---

[1] Petitioner indicates that he was convicted in April 2013; however, the website of the Gallia County Clerk indicates that he pleaded guilty and was sentenced on March 31, 2014.
[2] He indicates that he executed it on June 12, 2018. (Doc. 1-1, PAGEID # 10).

The expression of intention to hurt, destroy, punish, retaliation, intimidation was not comprehended by (JP) the victim during chambers of the Court. No recordings by "Legal Counsel for victim to state," comprehension of Force or Threat of Force, "was known and express nor was Legal counsel of Defendant-Petitioner of availing knowledge to my records of, "Chamber questions and answers."

2. Evidence to prove or disprove fact of allegation 2907.02(A)(1)(b)(2)[.]

No force of evidence by Plea negotiated in attempt to gain evidence, "sex, Force, threat of force existed," No evidence supports plea agreement as termed by, Plea agreement evidence to support acceptance by a court, the Probative value does not exist to support any decision of Chambers to trial allegation and accept a plea as only the court can.

3. Testimony of victim being admissible from Chamber Hearing.

Child (JP) has no legal counsel statement of verification, nor a Judges record as to fact of 2907.02(A)(1)(b)(2) with Rape to state Rape existed (not certain if statu[t]e is legal argument fact(s) must be in testimony for arrest and none is noted for rape.

4. Statute Procedure Error(s) Legal representative (J.P.S. victim; No recorded hearing of Chambers; Comprehension not known (JP)[.]

Victim (JP) gave no indication of force or threat of force or comprehension of legal proceeding, or prove representative to her allegation against petitioner. The errors are violation of amendment law to allow no compliance to statu[t]e to cause a[n] incarceration.

## II. RULE 2, RULES GOVERNING SECTION 2254 CASES

Even liberally construing Petitioner's pleadings, as this Court is required to do, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (the allegations of a *pro se* complaint are to be held to less stringent standards than formal pleadings drafted by lawyers), the Court cannot decipher the nature of Petitioner's claims or the underlying constitutional violations that he alleges. Further, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Petitioner must specify the nature of his grounds for relief and state the facts in support of each ground. Dismissal under Habeas Rule 2(c) is appropriate in cases where

3

it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication. *See Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted); *Accord v. Warden, Lebanon Corr. Inst.*, No. 2:12-cv-355, 2013 WL 228027, at *3 (S.D. Ohio Jan. 22, 2013) (while the court liberally construes a *pro se* prisoner's pleadings, it is not required to "conjure allegations" on the petitioner's behalf) (citations omitted)). These are the circumstances here. Thus, this action is subject to dismissal on this basis alone.

Moreover, this action plainly is time-barred.

### III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to sua sponte address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198). Here, Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) in April 2014, when the thirty day time period to file a timely appeal expired. *See Board v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015); Ohio App. R. 4(A). The statute of limitations expired one year later, in April 2015. Petitioner waited more than three years, until June 2018, to execute this habeas corpus Petition. His untimely Notice of Appeal did not toll the running of the statute of limitations under the provision of § 2244(d)(2), as the statute of limitations had already long since expired "The tolling provision does not ... 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Additionally, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**IV. RECOMMENDED DISPOSITION**

Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date: February 28, 2019          /s/ Kimberly A. Jolson
                                  KIMBERLY A. JOLSON
                                  UNITED STATES MAGISTRATE JUDGE