# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHEN BUSH,

    Petitioner,

v.

    CASE NO. 2:18-CV-01107
    JUDGE GEORGE C. SMITH
    Magistrate Judge Jolson

WARDEN, BELMONT CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

On February 28, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, and as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). (ECF No. 5). Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 6). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. The Court is unable to discern the basis for Petitioner's objections. As discussed by the Magistrate Judge, the Court likewise cannot determine the nature of Petitioner's claims for relief. Further, the record reflects that this action plainly is time-barred.

Therefore, Petitioner's Objection, ECF No. 6, is **OVERRULED**. The Report and Recommendation, ECF No. 5, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to mail Petitioner a copy of the form for filing an appeal. Petitioner's request for a copy of the form for filing a request for a certificate of appealability, ECF No. 7, is **DENIED,** as moot.

The Court **DECLINES** to issue a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —–U.S. —–. —–, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

                                           */s/ George C. Smith*
                                           **GEORGE C. SMITH, JUDGE**
                                           **UNITED STATES DISTRICT COURT**